UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TARRELL M. SMITH,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

2:11-cv-00820-KJD-PAL

ORDER

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondents' Motion to Dismiss (ECF No. 12) and petitioner's Response (ECF No. 15). No reply has been filed.

**I.    Procedural History**

In an Information filed May 7, 2007, in the Eighth Judicial District Court, petitioner was charged with fourteen felonies including three counts of First Degree Kidnaping with the Use of a Deadly Weapon, three count of Pandering of a Child with Force, two counts Child Abuse and Neglect, two counts of Pandering: Furnishing Transportation, Lewdness with a Child under the Age of 14, Sexual Assault of a Minor under Fourteen and two counts of Living from the Earning of a Prostitute. Exhibit 1.[1]

Four months later, a Guilty Plea Agreement and a Second Amended Information were

---

[1] The exhibits referenced in this Order were filed by respondents in support of their motion to dismiss the petition found in the Court's docket at ECF No. 13.

1  filed by the State, wherein petitioner agreed to plead guilty to one count of Attempt Sexual Assault and
2  one count Pandering of a Child with Force. Exhibits 3 and 4. On September 26, 2007, petitioner was
3  canvassed by the court and his guilty plea was accepted. Exhibit 5.  Thereafter, on April 28, 2008, after
4  numerous continuances, petitioner was sentenced to two consecutive 60-180 month sentences on the two
5  felony charges. Exhibit 17, 3. A judgement of conviction was entered on April 29, 2008. Exhibit 6.
6       Petitioner did not file a direct appeal. Exhibit 7, p. 3. He did file a timely post-conviction
7  petition in the state court raising ineffective assistance of counsel claims and there was insufficient
8  evidence admitted at the preliminary hearing causing his conviction to be unconstitutional. *Id.* Those
9  claims were similar to the allegations contained in the federal petition before this Court. Cf. Exhibit 7
10 and Petition (ECF No. 8). The State opposed the petition. Exhibit 8.
11      A document entitled Second Supplement Brief was filed by petitioner on March 24, 2009.
12 Exhibit 9. On April 17, 2009, petitioner also filed a motion to dismiss the criminal charges based on
13 trial counsel's misconduct and his invalid guilty plea. Exhibit 10. This motion was opposed by the
14 State. Exhibit 11.
15      On May 11, 2009, the state court held a hearing on the status of the post-conviction
16 petition and to clarify issues related to a possible *Lozada* appeal and to the sentence. Exhibit 12. A
17 second hearing was conducted on July 13, 2009, related to the appointment of counsel and a briefing
18 schedule. Exhibit 13. On November 2, 2009, the court conducted an evidentiary hearing and the
19 petition was denied. Exhibit 14. The court's Findings of Fact, Conclusions of Law and Order was filed
20 on December 7, 2009. Exhibit 15. Appeal of the denial was filed on January 6, 2010. Exhibit 16.
21      The Fast Track Statement filed by counsel on February 24, 2010, argued that counsel was
22 ineffective because of his obvious conflict of interest arising from his misappropriation of funds paid
23 for the benefit of petitioner in a civil tort action. Exhibit 17. Petitioner alleged that counsel fraudulently
24 signed a release of claims on petitioner's behalf and then endorsed the settlement draft, retaining the
25 funds for himself. *Id.* The State's response was filed on April 13, 2010. Exhibit 18. On September 10,
26

2010, the Nevada Supreme Court entered its Order of Affirmance, denying the single claim it recognized as being raised on appeal and declaring any other claims abandoned. Exhibit 19, p. 1, n. 1.

The federal petition was submitted by petitioner without counsel on May 19, 2011. Respondents move to dismiss the petition claiming that Ground One-A of the petition is conclusory and that the remaining grounds, including Ground One-B, are unexhausted. ECF No. 12. Petitioner has opposed the motion. ECF No. 15. The motion shall be granted.

**II.      Legal Standards and Discussion**

        **A.      Conclusory Allegations**

Conclusory allegations not supported by a statement of specific facts do not warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996). A petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).

        **B.      Exhaustion**

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to

1 federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984). However, "..new factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999), *citing Chacon v. Wood,* 36 F.3d 1459, 1568 (9th Cir. 1994).; *accord, Lopez v. Schriro,* 491 F.3d 1029, 1040 (9th Cir. 2007).

Ground One

Petitioner claims that his Sixth Amendment right to the effective assistance of counsel at trial was violated when counsel...

> fraudulently signed a release on my behalf, endorsed the check by forging my name, then put the entire amount of $30,000.00 (thirty-thousand dollars) into his bank account without informing me of any of the above actions. This attorney also represented me in my criminal case with deficient and prejudicial performance in the following ways.
> First, Phillip Singer was suspended and disbarred from practicing law due to his misconduct, proven dishonesty and theft of funds from numerous paying clients including myself. (See Exhibit A). The State Bar found his misconduct to be a violation of the Rules of Professional Conduct on several levels. This dishonesty by Singer created a clear conflict of interest between he and myself during the criminal case. Singer told the court falsely that he had a written agreement with me to be paid $20,000 (Twenty Thousand Dollars) to represent me in my criminal case, but could never produce such a document.
> Singer told me and my family that I would not receive any more than a sentence of two-five years in this case. This is why I signed the deal. P&P recommended that I get probation and Singer

|   |   |
|---|---|
| 1 | promised I'd get 2-5 at worst". [Sic.] I had no criminal history at all prior to this conviction. |
| 2 | My conviction should be vacated and this case reversed for a new trial due to the ineffective assistance of counsel's deficient and prejudicial performance in this matter. |

Petition, p. 3.

Respondents argue that petitioner's ground one, subpart A does not contain the specific details necessary to allow the court to determine if relief is warranted and that subpart B is unexhausted. They apparently identify subpart A as that part of the claim which concludes with the phrase "The dishonesty by Singer created a clear conflict of interest between he and myself during the criminal case." ECF No. 8, Petition, p. 3. They argue that petitioner fails to identify "what the interests or conflicts were, how they conflicted, and how the conflict adversely impacted his counsel's performance." ECF No. 12, Motion to Dismiss, p. 4-5.

In opposing the motion to dismiss, petitioner argues the specifics of the conflict, asserting such facts are clear in the record of the case. He argues that counsel failed to investigate the facts and circumstances of the case, that he failed to argue that there was no physical evidence of any sexual assault and that had he taken these steps, the charges would have been dismissed.

In his post-conviction petition, petitioner raised two ineffective assistance of counsel claims, as well as a claim of insufficient evidence and a due process violation. However, it is not what he presented to the trial court that matters: it is what he presented to the state's highest court - the Nevada Supreme Court. *Picard v. Connor*, 404 U.S. at 276, 92 S.Ct. at 512; *Johnson v. Zenon*, 88 F.3d at 829. A review of the Fast-Track statement filed in his appeal reveals that the only claim argued to that court was:

> The Lower Court Erred in Denying the Appellant's Post-conviction Petition for Habeas Corpus as the Appellant Offered Sufficient Evidence to Prove He Was Denied Effective Assistance of Counsel.

Exhibit 17, p. 7. Appellate counsel argued that counsel's conflicting interests prevented him from being constitutionally effective counsel where counsel had acted dishonestly in appropriating money from

petitioner's civil case. Appellate counsel offered no suggestion of how counsel's performance was actually affected by this conflict or even if it was. *See id.* The appeal was denied by the Nevada Supreme Court where it concluded that petitioner had not presented any evidence that "but for counsel's actions, he would not have pleaded guilty and would have insisted on going to trial." Exhibit 19, p. 2. That court further found that any other claims petitioner had presented to the lower court had been "abandoned" on appeal. *Id.*, p. 1.

Respondents are correct that the only exhausted claim presented in the federal petition is a claim that counsel had a conflict of interest. If that were the totality of ground one, it would be denied by this Court as conclusory and inadequate to inform the court of the need for relief. *Jones v. Gomez*, 66 F.3d at 205. However, in making this argument, respondents ask the Court to ignore the remainder of ground one and the fact that petitioner does include specifics to support the allegation of ineffective counsel with the allegation that counsel misinformed petitioner about the sentence he would receive.

The Court is unwilling to parse out the claim as suggested by respondents.[2] The fact is that ground one, taken in its totality, is unexhausted, as are all the other claims presented herein. The Nevada Supreme Court was not presented with and never reviewed the substance of petitioner's claims beyond the allegation that counsel suffered a personal conflict of interest in the representation because he took money in a civil case to which petitioner believed he was not entitled. Exhibit 19, Order of Affirmance.

**III.   Conclusion**

The motion to dismiss is granted. Because none of the claims are exhausted, the Court lacks jurisdiction and is obliged to dismiss the federal petition immediately. *See, Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003); *Raspberry v. Garcia*, 448 F.3d 1150

---

[2] This decision makes no difference to the outcome of this motion to dismiss, however. The petition must be dismissed in either case - whether it contains one conclusory claim and no others that are exhausted or it contains no claims that are exhausted.

1  (9th Cir. 2006).  A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not
2  be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C.
3  § 2244 (b)'s prohibition on filing second petitions.  *See In re Turner*, 101 F.3d 1323 (9th Cir. 1996).
4  Petitioner may return to state court in an attempt to exhaust his claims.  However, in doing so, he is
5  likely to face numerous obstacles to success including the one-year statute of limitations imposed under
6  28 U.S.C. § 2244(d), as well as procedural bars that may be imposed in the state court.

7  Should petitioner wish to appeal this decision, he must receive a certificate of
8  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d
9  946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).
10 Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to
11 warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,
12 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
13 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In
14 order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
15 debatable among jurists of reason; that a court could resolve the issues differently; or that the questions
16 are adequate to deserve encouragement to proceed further.  *Id.*

17 Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
18 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order
19 disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal
20 and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues
21 raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of
22 appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a
23 certificate of appealability.
24 / / /
25 / / /
26

1 **IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 12) is **GRANTED.** The petition is **dismissed without prejudice as unexhausted.** No Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.

DATED: April 9, 2012

_____
UNITED STATES DISTRICT JUDGE